# EXHIBIT "A"

# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made on this ___ day of June 2016, by and between Five Oaks Rest Home, its officers, agents, parent or subsidiary corporations, affiliates, joint employers, and/or representatives ("Defendant") and Ellen Williamson ("Plaintiff") (Defendant and Plaintiff together "the Parties"):

WHEREAS, Plaintiff has filed and joined the lawsuit, *Williamson v. Five Oaks Rest Home*, Case No.: 3:15-cv-00425-BJD-MCR in the United States District Court, Middle District of Florida, Jacksonville Division ("Court") seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA").

WHEREAS, Defendant denies liability herein, any violation of the FLSA and any wrongdoing with respect to Plaintiff; and

WHEREAS, the Parties wish to avoid continued litigation, and settle and resolve the controversy between them amicably and expeditiously.

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby,

STIPULATED AND AGREED by and between the undersigned parties that the Threatened Litigation is hereby resolved as follows:

1.    **Recitals**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2.    **Definition of Parties**.

a.    "Employee" shall be defined to include, but is not limited to, Ellen Williamson, and all affiliated persons or entities, including, but not limited to, his present or former spouse, domestic partner, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities.

b.    "Employer" shall be defined as Five Oaks Rest Home, and all affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, divisions, affiliated entities, employee benefit plans, purchasers of assets or stock, investors, insurers, joint ventures, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents,

fiduciaries, representatives, the employees and representatives of any such entity, and any otherwise related persons or entities.

c.      The "Parties" are defined as Employee and Employer.

**3.      Consideration**.   In consideration for the execution by Plaintiff of this Agreement, and compliance by Plaintiff with the promises made herein, Employer agrees to pay a total of THIRTEEN THOUSAND FIVE HUNDRED ($13,500.00) DOLLARS to Plaintiff and her attorneys, within 10 days of the date Plaintiff executes this Agreement, as follows: (a) one check payable to "Ellen Williamson" in the amount of $3,500, as unpaid wages for which a W-2 shall issue; (b) one check payable to "Ellen Williamson" in the amount of $3,500, as liquidated damages for which a 1099 shall issue; and (c) one check payable to "Morgan & Morgan, P.A." in the amount of $6,500, as its reasonable attorneys' fees and costs, for which a 1099 shall issue.

Ms. Williamson and Morgan & Morgan, P.A. shall be responsible for all taxes relating to the payments made hereunder with the exception that Employer agrees to pay the employer's share of payroll taxes or contributions on the W-2 portion of the settlement.

**4.      No Consideration Absent Execution of This Agreement**.   Employee understands and agrees she would not receive the settlement payments and/or benefits specified in Paragraph 3 above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

**5.      Release of Claims:**      Except for the obligations of this Settlement Agreement, which are not hereby released and which shall survive the execution hereof, it is the express intent of Employee to enter into this full and final settlement and compromise of any and all wage claims against Employer up through this date, and therefore Employee hereby releases all wage claims against Employer, including without limitation all claims for alleged unpaid overtime compensation under the Fair Labor Standards Act or any state wages law. Employee and her counsel further represent that they have not initiated or caused to be initiated against Employer any claim, suit, investigation or proceeding of any kind, and that they will not institute any claim, suit, investigation or proceeding of any kind with respect to the released claims.

**6.      No Admission of Liability:**      By this settlement, no party admits any liability, but rather the parties have agreed to this settlement as a compromise of disputed claims in the interests of avoiding the costs and uncertainty of litigation. The Parties expressly state that this settlement relates to, among other things, disputed wages.

2

7.    **Entire Agreement**: This Agreement sets forth the entire understanding of the parties and no verbal or written warranties or representations have been made or have been relied upon which do not appear in writing within this Agreement.

8.    **Section Headings**.  Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

9.    **Legal Fees**.  If a party establishes in a court of competent jurisdiction that the other party has breached or caused any breach of this Agreement, the prevailing party in such action or proceeding shall be entitled to receive from the other party an amount equal to the prevailing party's reasonable attorney's fees and expenses incurred as a result of such action or proceeding, to the extent permitted by law.

10.   **Joint Participation in Preparation of Agreement**.   The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party.  This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

11.   **Severability**. If any portion of this Agreement shall to any extent be declared unenforceable or illegal by a court of competent jurisdiction, the remainder of this Agreement shall not be affected thereby, and each portion and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

12.   **Counterparts**.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiff and Defendant have signed the same instrument.

13.   **Facsimile/Electronic Signatures**. Each party shall execute this Agreement on the designated signature block and direct counsel to transmit that signature page via facsimile or email to counsel for the other parties.  Any signature made and transmitted by facsimile or email for the purpose of executing the Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

3

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
| June 9, 2016 1:19:10 PM EDT | 219 393 3016 | 39 | 1 | Received |

From:TOWN OF KINGSFORD HEIGHTS        219 393 3016        06/09/2016 12:27    #804 P.001/001

Case 3:15-cv-00425-BJD-MCR   Document 34-1   Filed 07/25/16   Page 5 of 6 PageID 126

14.  **Competency to Waive Claims**.  At the time of considering or executing this Agreement, Ellen Williamson was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.  Ms. Williamson is competent to execute this Agreement.  Ms. Williamson certifies she is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims she may have against Employer.

**EMPLOYEE HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING AND HAS CONSULTED WITH HER COUNSEL REGARDING THE AGREEMENT.  HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO SETTLE AND RELEASE CLAIMS SHE HAS OR MIGHT HAVE AGAINST EMPLOYER.**


     The parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:



_Ellen Williamson_                              _June 7, 2016_
Ellen Williamson, Plaintiff                          Date



_____          _____
Five Oaks Rest Home, Defendant                       Date
By:


**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

14.   **Competency to Waive Claims**.  At the time of considering or executing this Agreement, Ellen Williamson was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.  Ms. Williamson is competent to execute this Agreement.  Ms. Williamson certifies she is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims she may have against Employer.

**EMPLOYEE HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING AND HAS CONSULTED WITH HER COUNSEL REGARDING THE AGREEMENT.  HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO SETTLE AND RELEASE CLAIMS SHE HAS OR MIGHT HAVE AGAINST EMPLOYER.**

The parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

_____                    _____
Ellen Williamson, Plaintiff                                                    Date


_____                    _____
Five Oaks Rest Home, Defendant                                      6/10/16
By:                                                                                         Date


**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

4